Luis Román Rodríguez y Luis Ángel Ramírez, demandantes y apelantes, *v.* La Mueblería Central Comercial, Etc., y Maryland Casualty Co., demandados y apelados.

Núm. 10402.—*Sometido:* Enero 15, 1951. *Resuelto:* Marzo 30, 1951.

*E. Martínez Avilés* e *Isaías M. Crespo,* abogados de los apelantes; *F. Prieto Azúar,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Mientras Pedro Rosario viajaba por la carretera denominada Carpenter Road con dirección a Santurce, se le vació el neumático de la rueda delantera izquierda de su automóvil. Con tal motivo, estacionó el vehículo bien a su derecha y al llegar a su residencia, ordenó a tres empleados suyos que fueran al sitio donde lo había dejado y una vez que le cambiasen la goma se lo llevasen a su casa. Los tres empleados, entre los cuales se hallaba el demandante, llegaron después de las 7 P.M. al sitio donde había quedado el automóvil. Para alumbrarse mientras hacían el trabajo, colocaron el camión en que habían ido justamente frente al automóvil, manteniendo encendidas las luces pequeñas del camión. Así las cosas, un camión Chevrolet, propiedad de los demandados Isaías Rodríguez y Bárbara Moreno, asegurado con la codemandada Maryland Casualty Co., en los momentos en que se trabajaba para cambiar la goma del automóvil, viajaba por la misma carretera con dirección a Santurce y chocó tan fuertemente con la parte posterior del referido automóvil, que le dobló el chassis, cayendo el automóvil sobre el demandante quien en aquellos momentos estaba cambiando la goma y con tal motivo el demandante sufrió serias lesiones en la pierna izquierda y en el tórax.

Para resarcirse de los daños sufridos, el demandante instó esta acción contra los dueños del camión Chevrolet, causante del daño y contra la compañía aseguradora. Alegó que el accidente fué causado por la negligencia del chófer del camión Chevrolet quien en aquellos momentos actuaba dentro del ámbito del empleo que tenía con los co-demandados dueños de dicho camión. No hizo una alegación general de negligencia, sino que alegó actos específicos, a saber: (*a*) guiar el camión a excesiva velocidad; (*b*) con las luces apagadas y (*c*) en forma descuidada y atolondrada. A base

de estas alegaciones, el caso fué a juicio. Ninguno de los testigos vió el camión Chevrolet antes del impacto y consecuentemente no pudieron declarar acerca de la velocidad a que marchaba ni tampoco en cuanto a la forma en que era conducido; y como lo vieron por primera vez después de ocurrido el impacto y dicho vehículo tenía entonces las luces apagadas, no pudieron declarar si éstas se apagaron con motivo del impacto o si no venían encendidas.

Los demandados presentaron una moción de *nonsuit* y aunque el demandante invocó la doctrina de *res ipsa loquitur*, la corte declaró con lugar la moción y desestimó la demanda, fundándose en que cuando se alegan actos específicos de negligencia no procede la aplicación de dicha doctrina y el demandante debe descansar exclusivamente en los actos específicos expuestos en su demanda.

La controversia en este recurso de apelación gira en torno a si a pesar de no haberse probado los actos específicos de negligencia alegados en la demanda, el mero hecho de haber sucedido el accidente dentro de las circunstancias en que ocurrió, constituye prueba prima facie de que el mismo no hubiera sucedido si no hubiera mediado negligencia por parte del chófer del camión Chevrolet. Véase *Hermida* v. *Feliciano*, 62 D.P.R. 55. En otras palabras, si debió la corte a quo aplicar la doctrina de *res ipsa loquitur*.

Anteriormente se ha presentado en esta jurisdicción la cuestión que ahora nos ocupa habiendo sido pospuesta su resolución. Pero en el presente caso debemos resolverla.

Existe conflicto entre las autoridades, en cuanto a si la alegación de actos específicos de negligencia impide aplicar la doctrina de *res ipsa loquitur*. Y aunque el juez del tribunal a quo expresa en su opinión que la regla aplicada por él está universalmente aceptada y cita algunas autoridades a ese efecto, el estudio que de esta materia hemos llevado a cabo revela que es considerable el número de jurisdicciones que sostienen que cuando las circunstancias del caso son de tal naturaleza que el accidente no hubiera ocurrido a no

haber sido por la exclusiva negligencia del demandado y el demandante no tiene medios a su alcance para probar la causa del accidente, la doctrina debe aplicarse a pesar de haberse alegado hechos específicos de negligencia, que el demandante intentó, pero no pudo probar. *Tenney* v. *Enkeball*, 158 P.2d 519 (Ariz. 1945); *Johnson* v. *Greenfield*, 198 S.W.2d 403 (Ark. 1946); *Firszt* v. *Capitol Park Realty Co.*, 120 Atl. 300 (Conn. 1923); *Morgan* v. *Yamada*, 26 Haw. 17 (1921); *Partin's Adm'r* v. *Black Mountain Corporation*, 58 S.W 2d 234 (Ky. 1933); *Lawson* v. *Clawson*, 9 A.2d 755 (Md. 1939); *McNamara* v. *Boston & M. R. R.*, 89 N.E. 131 (Mass. 1909); *McNeill* v. *Durham & C. R. Co.*, 41 S.E. 383 (N.C. 1902); *Markowitz* v. *Liebert & Obert*, 43 A.2d 794 (N.J. 1945); *Boyd* v. *Portland Electric Co.*, 66 Pac. 576 (Ore. 1901); *Boykin* v. *Chase Bottling Works*, 222 S.W.2d 889 (Tenn. 1949); *Blaisdell* v. *Blake*, 11 A.2d 215 (Vt. 1940); *Washington-Virginia Ry. Co.* v. *Bouknight*, 75 S.E. 1032 (Va. 1912); *D'Amico* v. *Conguista*, 167 P.2d 157 (Wash. 1946); Fleming James, Jr., *Proof of the Breach in Negligence Cases*, 37 Va. L. Rev. 179, 215 *et seq.* (1951) y F. Fernández Cuyar, *Res Ipsa Loquitur*, I Revista de Derecho, Legislación y Jurisprudencia, 64 (1935). A este efecto se dice en *Firszt* v. *Capitol Park Realty Co.*, supra,

". . .Aunque exista confusión en la jurisprudencia con respecto a este punto, la mayoría de las autoridades parece ser de otro modo y sostienen:

" 'Que si el caso es apropiado para la aplicación de la doctrina, el demandante por el hecho de haber alegado actos específicos, en manera alguna pierde su derecho a descansar en la misma.' (Citas)."

Y una autoridad tan eminente como la Corte de Apelaciones de los Estados Unidos para el Segundo Circuito, por voz del Juez Sr. Clark, refiriéndose a la regla seguida en Connecticut, dice que está sostenida por las mejores autoridades. *Remer* v. *Flying Eagle Whiteway Lines*, 172 F.2d 831 (C.A. 2, 1949).

En verdad, no se aviene con la moderna tendencia de los tribunales a hacer justicia sustancial pasando por sobre aquellos tecnicismos que lo impidan, rehusar la aplicación de la doctrina de *res ipsa loquitur*, por el mero hecho de que el demandante haya alegado en su demanda actos específicos de negligencia, que luego intentó pero no pudo probar, precisamente por la forma inexplicable para él, en que ocurrió el accidente.

La falacia de la regla aplicada por el tribunal inferior es manifiesta pues está basada en la ficción de que el demandante conocía la causa del accidente y por tanto no debe aplicarse la doctrina de *res ipsa loquitur*. Pero toda ficción debe ceder a la realidad y si de la prueba presentada surge la aplicabilidad de la doctrina y que por las circunstancias en que ocurrió el accidente, el demandante, en verdad, no puede probar los actos específicos de negligencia que alegó, resulta claramente injusto no aplicar la referida doctrina.

En el presente caso, el automóvil se hallaba estacionado a su derecha, con dirección a Santurce; la carretera en aquel sitio es recta y lo suficientemente ancha para dar cabida a tres automóviles al mismo tiempo; en los momentos en que ocurrió el accidente no pasó por allí ningún otro vehículo y las luces del camión estacionado con dirección a Río Piedras debieron ser visibles al camión Chevrolet que venía de dicha ciudad. En tales circunstancias, no habiendo existido negligencia contribuyente por parte del demandante como lo demuestran los hechos probados, siguiendo en el presente caso la regla de que la alegación de actos específicos de negligencia no impide la aplicación de la doctrina de *res ipsa loquitur*, mientras el demandado no demuestre que no fué por su negligencia que ocurrió el accidente, debe prevalecer en contra suya la presunción de negligencia que conlleva dicha doctrina.

Erró, pues, el tribunal inferior al declarar con lugar la moción de *nonsuit* y declarar sin lugar la demanda.

*Procede por lo expuesto revocar la sentencia y devolver el caso para ulteriores procedimientos consistentes con los principios enunciados en ·esta opinión.* (1)

El Juez Asociado Sr. Snyder no intervino.

---

(1) Esta opinión resuelve también el recurso de apelación interpuesto por Luis Ángel Ramírez, otro de los tres lesionados, en el cual se ha dictado sentencia de conformidad.