WILLIAM ANDREW KIRCHBERGER, demandante y apelado, *v.* CHARLES B. GOVER, demandado y apelante.

Número 11206.

*Sometido:* 1 de junio de 1954. *Resuelto:* 12 de julio de 1954.

*M. A. García del Rosario,* abogado del apelante; *Géigel & Silva,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Esta apelación envuelve una demanda de daños y perjuicios en que se alega, esencialmente, que el día 25 de agosto de 1947 un automóvil propiedad del demandante estaba estacionado, como a las once de la noche, frente a su residencia en el sitio conocido como Caserío San Patricio, en Río Piedras, y que el carro del demandante fué chocado negligentemente por otro automóvil privado perteneciente al demandado. Se alega en la demanda que el vehículo era conducido por Santos Cruz Ortiz, "quien actuaba en aquel momento como agente o empleado del demandado, y se hallaba bajo la dirección y control del demandado, estando sentado el demandado, en el momento de ocurrir el accidente, junto al conductor del vehículo, Santos Cruz Ortiz." Se enumeran entonces los alegados daños y perjuicios sufridos por el demandante. En su contestación, el demandado admite que ocurrió el choque, pero niega que hubiera sido causado por negligencia alguna del demandado, alegando por el contrario que el accidente se debió exclusivamente a la negligencia del demandante al dejar estacionado su carro a las 11 P. M. sin tener luces encendidas que demostrasen su presencia en una vía pública de mucho tránsito. Alegó el demandado, además, que Santos Cruz Ortiz no era su agente o empleado y que, en el momento del accidente Santos Cruz Ortiz, "sin licencia o permiso o facultad de clase alguna y actuando contra la voluntad del demandado se apoderó del automóvil del demandado, no pudiendo el demandado evitar, a pesar de la gestión realizada con el mencionado Santos Cruz Ortiz, que pusiera en marcha el vehículo del demandado."

Al celebrarse la vista del caso en sus méritos, el demandante presentó como su único testigo a Dámaso Pérez, quien se limitó a declarar sobre los daños sufridos por el carro del demandante y el valor o cuantía de las reparaciones hechas al carro por el testigo. En cuanto a la cuestión de negligencia

y de responsabilidad por la causa del accidente, el demandante solamente se refirió a una estipulación hecha por ambas partes en la conferencia anterior al juicio, que lee de la siguiente manera:

"Que el día 25 de agosto del 1947, alrededor de las once de la noche, más o menos, estaba estacionado frente a la residencia del demandante, en la calle 'L' del Caserío San Patricio, en el lado derecho de esa calle, el automóvil Pontiac, licencia 101–527 del Estado de Virginia. Que este automóvil estaba pegado completamente junto a la acera, frente a la casa del demandante. Que el automóvil estaba sin luz y se dejaba allí durante la noche entera. Que estando así parado el automóvil indicado, fué chocado por su parte delantera por el lado izquierdo por el automóvil propiedad del demandado Charles B. Gover; que el automóvil Pontiac arriba descrito pertenecía en la fecha del accidente al demandante Kirchberger."

Para establecer la alegada agencia de Santos Cruz Ortiz, el demandante presentó en evidencia, sin que el demandante compareciese personalmente como testigo, un documento conteniendo las contestaciones escritas por el propio demandante a un interrogatorio sometido al demandante por el demandado. En una de sus contestaciones escritas el propio demandante exponía que el demandado le había informado que Santos Cruz Ortiz era agente o empleado del demandado y se hallaba bajo su control. Al terminar el desfile de esa prueba del demandante, el demandado presentó una moción de *nonsuit* que fué declarada sin lugar. El demandado se abstuvo entonces de presentar prueba de clase alguna y finalmente la Sala de San Juan del Tribunal Superior dictó sentencia declarando con lugar la demanda. Contra esa sentencia ha apelado el demandado para ante este Tribunal.

La prueba presentada por el demandante fué insuficiente para establecer una reclamación válida contra el demandado, y, por lo tanto, erró el tribunal a quo al declarar sin lugar la moción de *nonsuit* y al dictar sentencia declarando la demanda con lugar. Consideraremos en primer término la suficiencia de la prueba presentada por el demandante

para establecer que Santos Cruz Ortiz conducía el vehículo del demandado como agente o empleado del demandado al ocurrir el accidente. Tratándose en este caso de un vehículo de motor destinado al servicio privado de su dueño, el demandado, el demandante tenía que establecer que el conductor era un empleado o agente del demandado que actuaba en el desempeño de sus funciones como tal empleado o agente de acuerdo con los términos de un contrato de trabajo. *Cf. Díaz* v. *Iturregui,* 72 D.P.R. 200. Como ya hemos visto, para probar tal extremo, se limitó a presentar en evidencia una contestación escrita por el propio demandante, en contestación a un interrogatorio sometido previamente por el demandado, en que el demandante expone que el demandado le había dicho a él que Santos Cruz Ortiz era agente o empleado del demandado o se hallaba bajo su dirección y control. El demandante no compareció al juicio y no declaró como testigo que el demandado le hubiese hecho tal admisión. Presentó solamente un documento en que constaba la manifestación escrita por el propio demandante. Tal contestación escrita por el demandante, en la forma documental en que fué sometida a la corte, constituía una manifestación en beneficio propio del demandante ("self-serving declaration"). Naturalmente, el demandante podía haber declarado como testigo con respecto a una admisión hecha a él por el demandado. Pero aquí el demandante no declaró como testigo, sino que presentó en evidencia una manifestación escrita anteriormente por el demandante en su propio beneficio. Tal manifestación no era admisible en evidencia y no podía servir de base adecuada para una conclusión en cuanto a la agencia requerida de parte de Santos Cruz Ortiz. Las contestaciones dadas por una parte a un interrogatorio pueden ser presentadas en evidencia por la otra parte, si son adversas a la parte que ha dado las contestaciones, pero si tales contestaciones son en su propio beneficio, tales contestaciones no son admisibles en evidencia. Un demandante no puede presentar en evidencia sus propias contestaciones a un interrogatorio del demandado, si tales con-

testaciones son en beneficio propio del demandante. *Lobel* v. *American Airlines, Inc.*, 192 F.2d 217, 221; *Bailey* v. *New England Mut. Life Ins. Co. of Boston*, 1 F.R.D. 494; *Town of River Junction* v. *Maryland Casualty Co.*, 110 F.2d 278, *certiorari* denegado en 310 U. S. 634; *United States* v. *Smith*, (1951) 95 F. Supp. 622; 4 Moore's *Federal Practice* 2341, sec. 33.29, segunda ed. Tal regla se basa esencialmente en el hecho de que el demandado no ha tenido la oportunidad de repreguntar al demandante sobre el extremo comprendido en la contestación al interrogatorio.

▆▆▆ Con respecto a la alegación del demandante de que el accidente fué causado por la negligencia del demandado, la única base probatoria presentada por el demandante fué la estipulación a que ya hemos hecho referencia, en la que se hace constar sencillamente que el vehículo del demandante estaba estacionado frente a su residencia a las once de la noche, con las luces apagadas, y que allí fué chocado por el vehículo del demandado. El tribunal de San Juan aparentemente llegó a la conclusión de que de tal estado de hechos surgía una presunción de negligencia, a base de la aplicación de la doctrina de "res-ipsa loquitur". La regla mayoritaria en los Estados Unidos es al efecto de que el hecho de chocar a un vehículo debidamente estacionado da lugar a una inferencia de negligencia, siendo aplicable la regla del "res-ipsa loquitur". Anotación en 151 A.L.R. 890; 5 Am. Jur., Suplemento de 1953, pág. 191; 9 (2) Blashfield, *Cyclopedia of Automobile Law* 311, sec. 6045, ed. permanente. Véase además, el caso de *Román* v. *Mueblería Central*, 72 D.P.R. 341, 345, en que se aplicó la doctrina del "res-ipsa loquitur" cuando se choca a un vehículo debidamente estacionado, que tiene las luces encendidas. Sin embargo, no es aplicable tal doctrina, y no surge presunción alguna de negligencia si de los hechos surge que hay alguna otra causa probable del accidente de la cual pueda inferirse que no hubo negligencia, y si la prueba es compatible con la probabilidad de la ausencia de negligencia. *Cintrón* v. *A. Roig Sucrs.*, 74 D.P.R. 1028, 1037, 1038. En el

caso de autos, de la estipulación de las partes surge que las luces del vehículo chocado estaban apagadas. Sin necesidad de resolver específicamente, y de acuerdo con las circunstancias de este caso, que tal hecho implique ausencia de responsabilidad de parte del demandado, sin embargo, el hecho de que las luces del vehículo del demandado estaban apagadas es suficiente para establecer una probabilidad al efecto de que la causa exclusiva del accidente no fué la supuesta negligencia del demandado siendo, por lo tanto, inaplicable la doctrina del "res-ipsa loquitur". Incidentalmente, en el caso de *Román* v. *Mueblería Central*, supra, las luces del vehículo estacionado estaban encendidas.

Además, para que pueda surgir la presunción de negligencia basada en la regla del "res-ipsa loquitur", debe demostrarse previamente que la causa probable del accidente estaba dentro del control y dirección del demandado. 5 Am. Jur. 839; *Giddings* v. *Honan*, 159 Atl. 271; *Héctor Const. Co.* v. *Butler*, 260 N. W. 496; 38 Am. Jur. 996, 997. Considerando especialmente el hecho de que en este caso no se estableció adecuadamente que, al ocurrir el choque, Santos Cruz Ortiz era un empleado o agente del demandado que actuase de acuerdo con los términos de un contrato de trabajo, no se ha cumplido con el requisito previo de control de la instrumentalidad de parte del demandado, no siendo aplicable la doctrina del "res-ipsa loquitur".

*Debe revocarse la sentencia apelada y devolverse el caso a la Sala de San Juan del Tribunal Superior para que dicte sentencia desestimando y declarando sin lugar la demanda, con los demás pronunciamientos que no sean incompatibles con esta opinión.* (1)

El Juez Asociado Sr. Belaval concurre con el resultado.

---

(1) Al terminar la presentación de su prueba, el demandante cerró su caso solicitando del Tribunal que considerase como prueba el documento que contenía el interrogatorio al demandante, y que estaba unido a los autos. El tribunal entonces dijo: "La otra parte." El demandado no formuló inmediatamente una objeción específica y expresa al documento,

---

pero presentó una moción de nonsuit, argumentando, en parte, que las
contestaciones al interrogatorio no eran admisibles, por ser en beneficio pro-
pio. El tribunal declaró sin lugar la moción de nonsuit y, por lo tanto,
no fué hasta el momento de tal resolución en que el tribunal pasó sobre la
admisibilidad del documento. En vista de esas circunstancias, peculiares
a este caso, no fué necesaria la formulación inmediata de una objeción es-
pecífica, y la moción de nonsuit equivalía prácticamente a una objeción.