Hugh N. ORR, Appellant,

v.

SOUTHERN PACIFIC COMPANY, a
corporation, Appellee.

No. 14225.

United States Court of Appeals
Ninth Circuit.

May 12, 1955.

Phillip Barnett, Rodney H. Robertson, Frederick L. Hewitt, San Francisco, Cal., for appellant.

Dunne, Dunne & Phelps, John H. Wallace, A. B. Dunne, John W. Martin, San Francisco, Cal., for appellee.

Before ORR, McALLISTER and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Orr brought action against the Southern Pacific Company, a common carrier, for personal injury claimed to have resulted from negligence in the operation of an interurban train between San Francisco and San Jose. It was tried by the court without a jury.

The Court found:

"1.  *  *  *  On May 3, 1952, plaintiff was a regular commuter on said trains, having commuted regularly from San Francisco, California, to California Avenue Station at Palo Alto, California for a period of eight months prior to the accident hereinafter described.

"2. On May 3, 1952, at about 5:00 o'clock p. m. of said day, plaintiff boarded a train operated by defendant in said commuters' service at the railroad station at Third and Townsend Streets in the City and County of San Francisco, as a passenger for hire having paid the regular commuter's fare to ride upon said train.

"3. Plaintiff seated himself in the third or fourth car from the rear of said train and remained there until said train left the University Avenue Station at Palo Alto, California. As said train was departing from the University Avenue Station at Palo Alto, California, plaintiff rose from his seat in said car and walked toward the rear of said train intending to disembark from said train at the California Avenue Station at Palo Alto, California.

"4. As said train was proceeding toward said California Avenue Station, plaintiff fell from one of the vestibules between the last and the next-to-the-last car of said train at a point approximately halfway between said University Avenue and said California Avenue stations, and sustained injuries to his person.

"5. At the time that plaintiff fell from said train and immediately prior to said time, there was no unusual movement or handling of said train, and said train was being operated in the normal and customary manner. At the time that plaintiff fell from said train and immediately prior to said time, there was no negligence on the part of defendant in the operation of said train.

"6. It was the custom and practice of defendant to leave the vestibule doors of said train open between said University Avenue and California Avenue stations, and it was the custom and practice of defendant to leave the vestibule doors open on the other commute trains operated by it between said stations, and there was no negligence on the part of defendant in doing so on the occasion of the injury to plaintiff.

"7. No negligence or other conduct of the defendant proximately caused plaintiff to fall from said train.

"8. Plaintiff's conduct was the sole proximate cause of his falling from said train."

There was evidence to support all these findings. There is no dispute among the parties up to the matters stated in Paragraph 5. A passenger who saw Orr rolling alongside the track testified that there was no unusual movement or handling of the train immediately prior to this. A trainman who had seen the fall from the vestibule of some object, subsequently determined to be Orr, was definite that there was no unusual movement or handling of the train immediately before that time. There was no evidence to the contrary.

The record showed that on this particular commuters' train, on account of frequent stops, the vestibule doors are left open until after the train passes the stop where Orr intended to get off. He had been riding this train for about eight months to and from this same station, but said he had not noticed the doors remaining open.

■ The finding that there was no negligence in either of these particulars was justified on the part of the trial judge.

■ There was evidence which called for the finding that plaintiff's conduct was the sole proximate cause of his fall. He left a place of safety to pass through at least two open vestibules of a moving train. Orr testified:

"Only to the extent I walked through the train, then reached for the knob of the car I was approaching, I did feel myself thrown from this train. With that recollection, that is all."

He had previously said in a deposition:

"I have a hazy recollection of having started back to the back of the train, of a sense of falling and reaching for a knob that wasn't there; and the next I knew, I was in the hospital."

He did not testify to any unusual movement or handling of the train. He said:

"* * * as I reached for the door there was a motion that threw me off balance * * * swaying movement, lurching movement * * The movement of a train that causes you to sway from side to side as you walk through the car, a moving car. * * * that certainly threw me off balance."

Orr testified he had been drinking whiskey, "not many drinks," not more than "two or three" before boarding the train. A test of his blood taken after the accident showed a level of .15% and to attain this level he must have had at least six drinks. An expert gave an opinion with regard to this showing of alcohol in the blood:

"From my studies and from my experience, it is my opinion that 50% of the population would be grossly drunk with a blood level of .15%. 100% of the population would have definite impairment in their judgment, neuro-muscular skill, behaviour pattern, sense of balance, sense of propriety, with a blood level of .15%."

Such testimony gives positive basis for the finding of the trial judge. The judge accurately found that the conduct of plaintiff explained why he reached for a doorknob which vanished and why he was thrown off balance by the normal swaying of a train. A finding that any other cause contributed to the result would have been clearly erroneous.

These are simple questions of fact from which there should have been no appeal.

There is an attempt to inject questions of law. But a finding of proximate cause is one peculiarly within the province of the jury or other trier of fact. Res ipsa loquitur is a procedural rule as to evidence. It is never valid in the face of facts which adequately explain the occurrence. Here the trial judge believed the explanation found in plaintiff's testimony was adequate. And we agree.

Two factors necessary for application of the doctrine as accurately stated in Prosser on Torts, page 291, were missing here. These are:

"b. It is *caused* by an instrumentality within the exclusive control of the defendant; and

"c. The *possibility* of contributing conduct which would make the plaintiff responsible is eliminated." (Emphasis supplied.)

The trial judge found facts which show neither of these vital requirements was met.

Affirmed.