CARLOS MATTA ET UX., Plaintiffs and Appellants, *v.* PUEBLO SUPER MARKET, INC., and MARYLAND CASUALTY CO., Defendants and Appellees.

No. 12328. Submitted June 16, 1958.—Decided June 25, 1958.

*Montilla & Benítez* for appellants. *F. Fernández Cuyar* and *Rafael A. González* for appellees.

PER CURIAM.

In this case the Superior Court dismissed a complaint in an action for damages based on the following findings and conclusions:

1. "FINDINGS OF FACT

"The plaintiffs are husband and wife. At six o'clock in the afternoon of August 24, 1956, the plaintiff was buying food for

her home in 'Pueblo Super Market,' Roosevelt Avenue, San Juan. As she was about to pick up one or two cans of juice, several of the cans fell down on her left foot, injuring her toe and producing such pains that it was necessary to pull out the nail. She was unable to attend work for two weeks and for sometime continued having inconveniences until she totally recovered.

"In this case, unlike the great majority of suits before us, we are hardly confronted with the problem of conflicting evidence in order to determine the credibility of each witness. The plaintiff is five feet two inches tall and testified that she had to stretch her hand upwards to reach the can of juice. She first testified that she did not know how many cans of juice she was going to buy and later declared that it was two or three. She often shopped at 'Pueblo' but that day she intended to buy grapefruit juice for the first time, since what she had bought previously were apricot and pear. Her testimony was so uncertain that despite our efforts to analyze her testimony as a whole, we cannot conceive a clear picture of facts which will affirmatively lead us to the conclusion that the accident was due to any negligent act of 'Pueblo Super Market.'

"The plaintiff explained that there was a pyramid of cans of juice and that she intended to take one of the top cans but she does not remember whether there were one or more cans at the same level. She does not know if she had to stand on tiptoe to reach the goods, and although she did not rub against any other can, she first said that she did not actually take hold of the can and later stated that she did and that in taking hold of it, the others fell down, including the one she was about to take. She informed that the contents of the can was 16 ounces, when the small size holds 8 ounces. She was not able to tell the Court how high was the can she attempted to take, nor the number of cans piled up in the 'stack.' Neither was she able to inform the number of rows of cans that formed the pyramid, nor does she remember if there were one or two cans in the apex of the pyramid. She did not know if any of the cans needed to form the pyramid was missing.

"According to personal inspection the shelf on which the 'stack' was piled up was four feet nine inches high, and seventeen inches deep. The surface of the shelf is of a polished and painted tin. We did not find any evidence pointing to any

defect in the construction of the gondola or the shelving on which the articles are placed from which the customers serve themselves and pay for them later. Thus, to our understanding, there is no proof of any negligent act on the part of 'Pueblo Super Market' warranting our ordering the defendants to pay for the damages suffered by the plaintiffs."

2. "CONCLUSIONS OF LAW

"In a case where the facts prove in a clear and affirmative manner that a customer has gone to shop at a self-service store, if there is no visible defect or unbalance in the way the articles are placed, and if while the customer is picking an article carefully, the others fall down injuring him, there arises the presumption of negligence on the part of the owner of the store. If that presumption is not duly overcome, the court must grant the complaint claiming damages. But in this case, relying on the few obscure and uncertain facts revealed by plaintiff's testimony, who is the only witness that testified as to how the accident occurred, we cannot conclude that the owners of the store are guilty of negligence having any causal relation to the accident. Since the doctrine of 'res ipsa loquitur' is not applicable in this case, and since no negligence whatsoever has been proved on the part of the owner of 'Pueblo Super Market,' the complaint must be dismissed." [1]

 In this appeal it is alleged that "the (Superior) Court erred in not applying the doctrine of *res ipsa loquitur.*" We believe that the appellant is not right and that the lower court acted correctly in dismissing the complaint for dam-

---

[1] The Superior Court made an inspection and in the minutes thereof it stated the following:

"The plaintiff shows us the gondola of the store on which was placed the can of juice that she tried to pick, which is the northeast corner of the store.

"The highest shelf at that place is fifty-seven inches from the floor and is seventeen inches deep. At the end there is a wall of fine wood. It is the fourth shelf since there is one seven inches from the floor, another thirty inches, another forty inches, and the last one, already mentioned, fifty-seven inches from the floor.

"The surface of the shelf is polished and painted tin. On each shelf there are the different cans of juice. The lower shelf holds the large cans and their sizes become smaller as they reach the upper shelf. On the higher shelves between every two rows of cans there is a piece of cardboard; in the first three shelves no cardboards are used."

ages. We need not decide if the doctrine of *res ipsa loquitur* is applicable to the facts of this case. Even supposing it were (see 20 A.L.R.2d 95–111), said rule only creates a rebuttable inference of negligence that allows or authorizes the conclusion that the accident was caused by the negligence of the defendant, but in no way obliges the trier to conclude that there was negligence. See *Cintrón v. A. Roig Sucrs.*, 74 P.R.R. 957, 964–967 (1953); *Kirchberger v. Gover*, 76 P.R.R. 851 (1954); *Orr v. Southern Pacific Co.*, 226 F.2d 841 (C. A. 9, 1955); 2 Harper & James, *The Law of Torts*, § § 19.5, 19.12. In the case at bar the facts and circumstances found proved explain adequately how the accident occurred: (1) there was no negligent act of commission or omission on the part of the defendant or its employees in placing the cans of fruit juices on the shelf; (2) considering all the circumstances under which the accident occurred, it is only fit to conclude that the fall of the cans of juice on plaintiff's left foot was due to plaintiff's own negligence or to a fortuitous cause, but in any event it was proved that there was no negligence whatsoever imputable to the defendant.[2]

This being so, the judgment appealed from must be affirmed.

---

[2] Mr. José Antonio Menéndez, the person in charge of supplying and arranging the shelves in the store owned by the defendant, testified at the trial that the cans of juice were placed in the following manner: the largest ones at the bottom, the smaller ones on top of these; two rows of nine large 46-ounce cans below, and three rows of smaller 12 and 8-ounce cans above. They were not arranged in pyramid form and to prevent a can from falling, cardboards were placed between each row of cans.