CARLOS MATTA y ELSA TORRES DE MATTA, demandantes y apelantes, *v.* PUEBLO SUPER MARKET, INC., y MARYLAND CASUALTY CO., demandadas y apeladas.

Número 12328.

*Sometido:* 16 de junio de 1958. *Resuelto:* 25 de junio de 1958.

*Montilla & Benítez,* abogados de los apelantes; *F. Fernández Cuyar* y *Rafael A. González,* abogados de las apeladas.

PER CURIAM: En este caso el Tribunal Superior declaró sin lugar una demanda de daños y perjuicios a base de las siguientes conclusiones:

1. "CONCLUSIONES DE HECHO

"Los demandantes son casados entre sí. A las seis de la tarde del 24 de agosto de 1956, la demandante estaba en el supermercado 'Pueblo', Avenida Roosevelt, San Juan, com-

prando comestibles para su hogar. Cuando fue a coger una o dos latas de jugo, varias de las latas se cayeron encima de su pie izquierdo, lesionándole el dedo pulgar del mismo, lo cual le produjo dolores, surgiendo la necesidad de sacarle la uña. No pudo asistir al trabajo durante dos semanas y por algún tiempo siguió teniendo inconveniencias en lo que se restablecía totalmente.

"En este caso, distinto a la gran mayoría de los litigios en que entendemos, apenas si se nos presenta el problema de conflicto de evidencia para determinar la credibilidad de cada testigo. La demandante tiene cinco pies dos pulgadas de alto y declaró que tuvo que estirar hacia arriba la mano para alcanzar la lata de jugo. Ella primero testificó que no sabía cuántas latas de jugo iba a comprar y después declaró que eran dos o tres. Ella acostumbraba ir a 'Pueblo', pero ese día iba a comprar por primera vez jugo de toronja, ya que ella lo que había adquirido antes eran jugos de albaricoque y de pera. Su declaración fue tan insegura que por más que tratamos de analizar su testimonio en conjunto, no podemos formar un cuadro claro de hechos que afirmativamente nos conduzca a la conclusión de que el accidente se debió a acto negligente alguno de la corporación 'Pueblo Super Market'.

"La demandante expuso que había una pirámide de latas de jugo y que fue a coger una de las de encima, pero no recuerda si en ese nivel había una o más latas. No sabe si tuvo que ponerse en la punta de los pies para alcanzar la mercancía, y, aunque no rozó con ninguna otra lata, primero dijo que no llegó a agarrar la lata y después afirmó que sí y que al agarrarla se cayeron las otras, incluyendo la que iba a coger. Informó que el contenido del envase era 16 onzas, cuando los más pequeños que se venden tienen 8 onzas. No supo decirle al Tribunal a la altura que estaba la vasija que ella interesaba, ni el número de latas que había en la 'estiba'. Tampoco pudo informar el número de hileras de latas que formaban la pirámide, ni recuerda si había una o dos latas en el ápice de la pirámide. No sabía si faltaba alguna lata de las que debían formar la pirámide.

"Según la inspección ocular, la tablilla donde descansaba la 'estiba' está a una altura de cuatro pies nueve pulgadas, con un fondo de diez y siete pulgadas. La superficie de la tablilla es de lata pulida y pintada. No encontramos evidencia alguna de que haya algún defecto de construcción en la canoa o en la

tablilla donde estaban puestos los artículos para que el público los tomara y después pagara por ellos. No se ha probado, pues, a nuestro entender, acto negligente alguno de la corporación 'Pueblo Super Market' que nos autorice a condenar a las demandadas a indemnizar los daños y perjuicios sufridos por los demandantes."

2. "CONCLUSIONES DE DERECHO

"En un caso donde los hechos demuestren en forma afirmativa y clara que un consumidor ha ido a comprar a una tienda donde él mismo tiene que coger los artículos y si no aparece a la vista defecto o desbalance en la forma en que están colocados los artículos, el consumidor al coger uno en forma cuidadosa se caen los otros ocasionándole un daño, surge la presunción de negligencia por parte del dueño del establecimiento. Si esa presunción no es debidamente rebatida o confutada, procede declarar con lugar la demanda de daños y perjuicios. Pero en este caso, a base de los pocos hechos oscuros y vacilantes que surgen de la declaración de la demandante, que es la única testigo que declaró sobre cómo ocurrió el accidente, no podemos concluir que los dueños de la tienda incurrieron en negligencia que tuviera relación causal con el accidente. No pudiéndose aplicar a los hechos de este caso la doctrina de *'res ipsa loquitur'*, ni habiéndose probado negligencia alguna de parte de la dueña del supermercado 'Pueblo', debe desestimarse la demanda." ([1])

En este recurso se alega que "el Tribunal (Superior) cometió error al no aplicar la doctrina de *res ipsa*

---

([1]) El Tribunal Superior hizo una inspección ocular y en el acta de la misma consignó lo siguiente:

"La demandante nos indica la canoa del establecimiento en que se hallaba la lata de jugo que ella intentó coger, que es en la esquina noroeste de dicho establecimiento.

"La tablilla más alta en ese lugar queda a cincuenta y siete pulgadas del piso y tiene un fondo de diez y siete pulgadas. En el extremo hay una pared de madera fina. Esta tablilla es la cuarta, ya que hay una a siete pulgadas del piso, otra a treinta; otra a cuarenta, y la última, que ya mencionamos, a cincuenta y siete.

"La superficie de la tablilla es de lata pulida y pintada. Sobre cada tablilla hay las distintas latas de jugo. En la tablilla de abajo están las latas grandes, y van bajando de tamaño según la tablilla superior. En las tablillas más altas entre cada dos camadas de latas hay un cartón; en las primeras tres tablillas no hay cartones."

*loquitur*". Creemos que el apelante no tiene razón y que el tribunal de instancia procedió correctamente al desestimar la demanda de daños y perjuicios. No tenemos que resolver si la doctrina de *res ipsa loquitur* es aplicable a los hechos de este caso. Aun suponiendo que lo sea (véase 20 A.L.R.2d 95–111), dicha regla sólo crea una inferencia rebatible de negligencia que permite o autoriza la conclusión de que el accidente fue causado por la negligencia de la parte demandada, pero en ningún modo obliga al juez sentenciador a concluir que hubo negligencia. Véanse *Cintrón* v. *A. Roig Sucrs.*, 74 D.P.R. 1028, 1036–39 (1953); *Kirchberger* v. *Gover*, 76 D.P.R. 907 (1954); *Orr* v. *Southern Pacific Co.*, 226 F.2d 841 (C.A. 9, 1955); 2 Harper & James, *The Law of Torts*, secs. 19.5–19.12. En el caso de autos los hechos y circunstancias probados explican adecuadamente la ocurrencia del accidente: (1) no hubo acción u omisión negligente de la parte demandada o de sus empleados al colocar las latas de jugos de frutas sobre la tablilla; (2) considerando todas las circunstancias en que ocurrió el accidente, sólo cabe concluir que la caída de las latas de jugos encima del pie izquierdo de la demandante se debió a la negligencia de la propia demandante o a una causa fortuita, pero en todo caso se demostró que no medió negligencia alguna imputable a la parte demandada.[2]

*Siendo ello así, debe confirmarse la sentencia apelada.*

---

[2] El Sr. José Antonio Menéndez, encargado de suplir y arreglar las tablillas en el colmado propiedad de la demandada, declaró en el juicio que las latas de jugo estaban colocadas en la siguiente forma: las más grandes, abajo, las más pequeñas, encima de éstas; dos líneas de nueve latas grandes, de 46 onzas, abajo y tres líneas de latas más pequeñas, de 12 onzas y de 8 onzas, encima; no estaban colocadas en forma de pirámide y para evitar que una lata se cayera, se colocaban cartones entre cada una de las líneas de latas.