**Barbara A. LEE, Plaintiff, Appellant,**

v.

**EL FENIX DE PUERTO RICO,**
**Defendant, Appellee.**

**No. 83–1933.**

United States Court of Appeals,
First Circuit.

Submitted May 11, 1984.

Decided July 19, 1984.

---

David Efron, Hato Rey, P.R., on brief, for appellant.

Charles A. Cordero, and Cordero, Colon & Miranda, Old San Juan, P.R., on brief, for appellee.

Before COFFIN and BREYER, Circuit Judges, and PETTINE,* Senior District Judge.

BREYER, Circuit Judge.

Barbara Lee was injured when a light bulb on the balcony of her hotel room exploded, cutting her arms and face. She has sued the hotel's insurance company, claiming that the hotel was negligent. The district court granted the defendant's motion for summary judgment against her. She appeals.

■ Appellant's basic claim is that the court should have applied the doctrine of "res ipsa loquitur" to the facts, thereby finding the hotel negligent. She is correct in arguing that the courts of Puerto Rico use the doctrine to allow an inference of negligence in appropriate cases. *See* H.M. Brau del Toro, *Los danos y perjuicios extracontractuales en Puerto Rico*, § 7.04[3]

(1980) (collecting cases). But she is wrong in believing that her case is appropriate. Puerto Rico courts do not apply the doctrine of res ipsa loquitur if the likely negligent act occurred at a time when the object in question was outside the defendant's exclusive control. *Torres v. Rivera Lizardi*, 108 D.P.R. 829, 830 (1979); *Martinez Mattei v. Montanez*, 98 D.P.R. 726, 730 (1970). And the doctrine does not operate if there is a "probable cause" of the accident from which it could be inferred that the defendant was not negligent. *La Sociedad de Ganaciales Huyke Souffront v. Presbyterian Hospital*, 88 D.P.R. 391, 404–07 (1963); *Kirchberger v. Gover*, 76 D.P.R. 907, 912–13 (1954); *Cintron v. Roig*, 74 D.P.R. 1028, 1037–38 (1953). Here, the district court could readily reason that a light bulb that explodes is likely defective and that the likely cause of the defect lies in its manufacture, not its use. If so, the negligent act occurred when the bulb was manufactured, that is to say, when it was outside of the hotel's control. Thus, the court correctly concluded that under the law of Puerto Rico, res ipsa loquitur does not apply.

■ Appellant also argues that summary judgment was improper because there are "genuine issues of material fact" in the case. Fed.R.Civ.P. 56 obliged appellant, however, to respond to defendant's district court motion for summary judgment "by set[ting] forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). *See Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929–30 (1st Cir.1983); *Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985, 990–91 (1st Cir.1983). Appellant failed to satisfy this obligation. In fact, her attorney did not respond at all (aparently because she was away in California) and the court entered judgment for defendant. Appellant then asked the court to reconsider. But in doing so, appellant specifically stated that "no truly relevant facts ... [are] in controversy here." Her

---

* Of the District of Rhode Island, sitting by designation.

**26**

"opposition [to summary judgment] is based on law," she said, namely her point about res ipsa loquitur. Thus, whether or not we consider her late response as timely, she pointed to no triable factual issue, and the court's entry of summary judgment was not erroneous.

The judgment of the district court is *Affirmed*.